IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01537-PAB-KLM

WILLIAM EDWARD WASHINGTON,

    Plaintiff,

v.

BRANNAN READY MIX,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Order to Show Cause issued on January 3, 2011 [Docket No. 6]. The Court, having considered the entire case file and being sufficiently advised, **RECOMMENDS** that the case be **DISMISSED**.

    Plaintiff, who is proceeding *pro se*, filed the instant Title VII and American with Disabilities action on June 29, 2010 [Docket No. 1].  Plaintiff is not proceeding *in forma pauperis*.  Pursuant to his Complaint, Plaintiff contends that he was demoted from his position with Defendant in May 2007 on the basis of his race, African American, and his disability, which is unidentified.  *Complaint* [#1] at 11.  He also contends that in November 2007, his hours were significantly diminished on the basis of his disability such that he was forced to resign his position.  *Id.*

    Upon assignment, the Court set the matter for a Scheduling Conference.  On September 20, 2010, Plaintiff failed to attend the Scheduling Conference [Docket No. 4]. At that time, the Court noted that pursuant to Fed. R. Civ. P. 4(m), the deadline to serve

Defendant was October 27, 2010. *Order* [#4] at 1. The Court reset the Scheduling Conference and ordered Plaintiff to effect service by the deadline. The Court noted that a failure to comply could result in dismissal of Plaintiff's case due to a failure to prosecute. *Id.* Plaintiff did not comply. Nevertheless, Plaintiff attended the Scheduling Conference held on November 29, 2010 and indicated that he was attempting to obtain counsel and requested an extension of time to serve the Complaint on Defendant [Docket No. 5]. Despite Rule 4(m)'s mandate that dismissal "must" occur when a party fails to timely serve his Complaint, the Court extended the deadline to serve Defendant and file proof of the same to December 30, 2010. *Order* [#5] at 1. Again, Plaintiff did not comply. Plaintiff's case has now been pending for nearly seven months and Defendant has not been served nor has Plaintiff taken any appreciable action to move his case forward.

On January 3, 2011, the Court issued an Order to Show Cause why Plaintiff's case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) or 41(b) [Docket No. 6]. The Court directed Plaintiff to respond on or before January 17, 2011. *Order to Show Cause* [#6] at 2. The Court noted that "[f]ailure to respond or to show good cause for Plaintiff's neglect of his case and failure to comply with my prior Orders will result in the issuance of a recommendation to dismiss this case." *Id.* Despite this warning, Plaintiff did not respond. The Order to Show Cause was mailed to Plaintiff on the date of its filing and has not been returned as undeliverable. Although the Court could recommend dismissal as a sanction pursuant to Rule 41(b) on the basis of Plaintiff's conduct, because Defendant has not been served, the Court chooses to recommend dismissal pursuant to Rule 4(m).

Rule 4(m) authorizes the Court to dismiss a party's case for failure to timely serve a summons and complaint unless the party can show good cause for his failure. Although

the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here. The case has been pending since June 29, 2010, and it relates to incidents that allegedly occurred in 2007. Given the ample opportunities provided to Plaintiff to move his case forward, good cause for an extension of the service deadline is not apparent.

As is generally the case with dismissal pursuant to Rule 4(m), the Court recommends dismissal without prejudice. However, I note that even a dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. Oct. 28, 2005) (unpublished decision). On these pleadings, Plaintiff may be procedurally barred from pursuing his claims. Therefore, dismissal of the case may operate, in essence, as a dismissal with prejudice.

Under such circumstances, where Plaintiff may be barred from refiling by the applicable statute of limitations, a court must "explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when the statute of limitations has run operates as an extreme sanction which should only be levied when lesser sanctions would not serve the interests of justice). Here, I find that it would be highly prejudicial for Defendant to be hailed into court now more than three years after the complained-of events, nearly ten months after Plaintiff was issued his right to sue letter, and nearly seven months after the case was filed. I further find that given the conclusory and insufficient nature of Plaintiff's allegations, and this Court's ability to alternatively recommend dismissal as a sanction based upon Plaintiff's

neglect of his case and failure to comply with multiple Court Orders, dismissal would not impede the interests of justice.  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is made **ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's case be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 7, 2011 (which would be the third attempt to conduct a Scheduling Conference in this case) is **vacated**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 20, 2011

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge